## HOLLY *against* LOCKWOOD and others.

A resolve of the General Assembly, on the petition of *A., B.* and *C.* describing themselves as *select-men of the town of S.* authorized *the said select-men* to sell and convey the real estate of *R.* a person *non compos mentis,* and to use the avails for her support, " the said select-men, in case of the decease of said *R.* being subject to account with her *legal representatives* for so much of her estate as should remain unexpended at the time of her decease ;" in pursuance of which, *A. B.* and *C.* sold said real estate, and received the avails : Held, that after the decease of *R.* they as individuals, and not the town of *S.*, were liable to account for the money so received, and that the administrator of *R.* was entitled to bring the action.

THIS was an action of account, brought by *Holly* as administrator of the estate of *Ruama Holly,* late of *Stamford,* deceased, charging the defendants with having received of said *Ruama* many sums of money amounting in the whole to 1500 dollars, to put at interest, and to render their account thereof on demand. The declaration stated, that said *Ruama* being naturally wanting in understanding, and incapable of taking care of herself, the defendants brought their petition to the General Assembly in *October* 1793, praying for liberty and authority to sell the real estate of said *Ruama* consisting of about twenty-four acres of land in *Stamford.* This petition was granted, and a resolve passed authorizing the defendants to sell and convey said land, and to use the money arising therefrom for the support of said *Ruama* as should from time to time be necessary, the defendants being made subject, in case of her decease, to account with her legal representatives for so much of her estate as should then remain unexpended. The defendants accordingly sold the

land for the sum of 500 dollars, which sum they received for the purposes mentioned in the resolve, but never expended any part of the principal or interest for the support of said *Ruama*, who died in *January* 1813.

*New-Haven,*
November,
1814.

Holly
*v.*
Lockwood
and others.

The defendants pleaded, that they were not bailiffs and receivers as the plaintiffs had alleged ; on which issue was joined. The cause was tried at *Danbury, September* term 1814, before *Reeve,* Ch. J. and *Edmond,* J.

On the trial, the plaintiff offered in evidence an exemplification of a resolve of the General Assembly passed in *October* 1793, in the following words : " Upon the petition of *Isaac Lockwood, Sylvanus Knapp, Nathaniel Webb* and *Charles Smith,* select-men of the town of *Stamford,* shewing to this Assembly, that *Ruama Holly,* daughter of *Francis Holly,* late of said *Stamford,* deceased, is naturally wanting in understanding, and incapable of taking care of herself ; that she is, and must continue to be, chargeable to said town ; and that she is the owner of about twenty-four acres of land in said *Stamford,* which is unfenced and unprofitable, but would now sell to advantage ; and that the avails thereof, if now sold and put on interest, would provide for her support a much longer time than if disposed of in any way authorized by law ; that said *Ruama* is less than thirty years of age, and will in all probability live to expend the whole of her own estate, and be an expense to said town ; praying authority to sell the real estate of said *Ruama* &c. as per petition on file : *Resolved by this Assembly,* that said select-men be, and they are hereby authorized and empowered to sell and convey the real estate of said *Ruama* lying in said *Stamford,* and use and improve the money arising therefrom for the support of said *Ruama,* as may be necessary from time to time, the said select-men, in case of the decease of said *Ruama,* being subject to account with the legal representatives of said *Ruama* for what of her estate shall remain unexpended at the time of her decease." The plaintiff offered this resolve in connexion with evidence that the defendants had sold and conveyed the land, and had received the avails. But the defendants contended, that the resolve was inadmissible on the ground that the defendants were not liable in their individual capacity for the money received by them. On this objection the court rejected the evidence offered ; and the defendants obtained a verdict. The plaintiff moved

*New-Haven,*
November,
1814.

Holly
*v*
Lockwood
and others.

for a new trial; and the questions arising on such motion were reserved for the consideration of all the Judges.

*N. Smith* argued in support of the motion.

*Bissell,* contra.

SMITH, J. There appears from the argument of counsel before this Court to be two principal objections to the admission of the resolve in question. 1st, That the defendants acted only as select-men in behalf of the town of *Stamford,* and are not liable to account as individuals with any person whatever. 2ndly, But if they are liable to account, it must be with the heirs of *Ruama,* and not with her administrator.

The first of these objections is settled at once by recurring to the resolve itself, which is recited at length in the motion for a new trial. We there find the resolve to be on the petition of *Isaac Lockwood* and others. It is added, indeed, that they are " select-men of the town of *Stamford ;*" but this appears to be inserted merely as description of the men, and it is no where even intimated that they petition for and in behalf of the town. When we come to the resolve itself, we find it authorizes *the said select-men* to sell the land ; which is nothing more than to enable the same *individual persons* before mentioned, and who had been already described as being select-men, to sell ; but they are not directed to sell as select-men, nor to sell for the use and benefit of the town ; nor is there any intimation that the town in any event is to account for the money, although there is an express provision that *the said select-men* shall be accountable for the avails of the land on the death of *Ruama.* This resolve, then, does not purport to authorize the town to sell the land by these individual select-men as their agents ; nor does it vest such power in the select-men of the town generally ; but it is *the said select-men* who are petitioners, that are invested with the power in their own right, and on their own account. It ought also to be noticed as appearing from the motion for a new trial, that the plaintiff offered evidence in connexion with this resolve, that the defendants actually sold the land, and received the avails of it. In my judgment, therefore, there is nothing appearing on the face of this resolve, which renders the town liable to account for the avails of the land.

*New-Haven*,
November,
1814.

Holly
*v.*
Lockwood
and others.

and much less the successors of the defendants in office ; who do not appear to have had any of the money come into their hands. And it is equally obvious that the defendants who have sold the land, and received the avails, must be accountable.

The second objection is principally founded on a part of the resolve which is in the following words : "The said select-men, in case of the decease of the said *Ruama*, being subject to account with the legal representatives of said *Ruama* for what of her estate shall remain unexpended at the time of her decease." This, it is said, renders the select-men liable to account with the *legal representatives* of the deceased, who in point of law must be the heirs ; and besides, as the money in question is due for the sale of land, it must be considered as land.

To answer this objection it becomes unnecessary to determine the precise meaning of the term *legal representatives* as used in this resolve ; though I very much doubt whether any technical meaning can with propriety be affixed to it. Whatever may be said about this clause, it cannot take away any common law right to call the defendants to account. Even *Ruama* in her life-time might have had an action ; for although she was naturally wanting in understanding, she might nevertheless receive injuries, and prosecute her action by her attorney and her friend. If the defendants refused or neglected to apply the avails of the land to her support, they would be liable to be called to account during her life ; or she might contract debts for necessaries, which would remain debts against her at her decease, as fully as though she had been *compos mentis ;* and an administrator to such a person has the same powers to collect and pay debts as the administrator to any other. Nor is there any exception to this, unless in cases where a conservator has been appointed by a county court, in which case a particular mode is pointed out by law for settling the accounts. But whoever may have the ultimate claim to the money, the administrator has a right to collect it ; for all personal estate is liable to go through a course of administration ; and whatever a court of chancery may do in certain cases, a court of law will consider a chose in action as personal estate.

I am, therefore, of opinion that the court were incorrect

*New-Haven,*
*November,*
*1814.*

Holly
*v.*
Lockwood
and others.

in rejecting the evidence in this case, and would advise a new trial.

In this opinion the other Judges severally concurred, BALDWIN, J. having at first entertained doubts.

New trial to be granted.